UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

THOMAS A. FRANK,                                        Case No. DK 09-00978
                                                        Hon. Scott W. Dales
                Debtor.
_____/

JAMES D. KASISHKE,

                Plaintiff,                              Adversary Proceeding
                                                        No. 09-80245
v.

THOMAS A. FRANK,

                Defendant.
_____/


**OPINION AND ORDER REGARDING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**


PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge



INTRODUCTION AND JURISDICTION

Prior to filing a voluntary chapter 7 bankruptcy petition, Debtor-Defendant Thomas A.

Frank and Plaintiff James D. Kasishke were the only two shareholders in Landtec, Inc.

("Landtec"), each holding half of the company's shares. The relationship between the two

shareholders soured after Mr. Kasishke came to believe that Mr. Frank was looting Landtec for

his own personal benefit, and the benefit of Mr. Frank's limited liability company, Water

**Page 2 of 13**

Management LLC. Mr. Kasishke commenced suit in the Van Buren County Circuit Court, seeking relief from the alleged misfeasance and malfeasance in connection with Landtec.

The state court entered judgment against Mr. Frank and Landtec on January 28, 2008 (the "Judgment"). The parties agree that the Judgment is not a "true default judgment" because the defendants joined issue by answering Mr. Kasishke's state court complaint.

After Mr. Frank filed for bankruptcy relief, Mr. Kasishke filed a complaint to except the Judgment debt from discharge, and has since moved for summary judgment premised upon the Judgment's collateral estoppel effect. The court reviewed Mr. Kasishke's motion (DN 10, the "Motion") and supporting brief, and Mr. Frank's response (DN 12, the "Response"), and heard oral argument on February 17, 2010 in Kalamazoo, Michigan.

The court has jurisdiction to decide this matter under 28 U.S.C. § 1334, and the adversary proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I), within the District Court's automatic referral under 28 U.S.C. § 157(a) and LCivR 83.2(a).

UNDISPUTED FACTS

The following statement of undisputed facts is drawn from the Motion, its exhibits, and the Response. On November 8, 2006, Mr. Kasishke filed suit in Van Buren County Circuit Court against Mr. Frank, Landtec, and Water Management, LLC (the "State Court Defendants"). The state court complaint asserted several counts including negligence, statutory[1] and common law conversion, and shareholder oppression.[2] Pl. Mot. Exh. 1. Between January and June 2007, the State Court Defendants' counsel filed an appearance in the state court (Pl. Mot. Exh. 2),

---

[1] Statutory conversion refers to a cause of action under M.C.L. § 600.2919a, which provides that a person damaged by "another person's stealing or embezzling property or converting property to the other person's own use may recover three times the amount of actual damages sustained, plus costs and reasonable attorney fees."

[2] A shareholder may bring an action to establish that the acts of those in control of a corporation are "illegal, fraudulent, or willfully unfair and oppressive to the corporation or the shareholder." M.C.L. § 450.1489.

answered the complaint (Pl. Mot. Exh. 3), filed a Pre-trial Statement (Pl. Mot. Exh. 4), and filed a Witness List (Pl. Mot. Exh. 5).

In August 2007, however, the state court permitted the State Court Defendants' counsel to withdraw from representation. Pl. Mot. Exh. 6. From that point forward, the State Court Defendants failed to participate in the lawsuit, and on January 28, 2008, the state court entered the Judgment as a sanction against Mr. Frank and Landtec.[3] Pl. Mot. Exh. 8. On January 31, 2009, Mr. Frank filed a chapter 7 bankruptcy petition. Mr. Kasishke timely filed a Complaint Seeking Determination of Nondischargeability of Debt pursuant to 11 U.S.C. § 523(a)(4) and (6) on June 1, 2009.

For present purposes, the complaint on which the state court entered its Judgment included the following significant allegations:

- Mr. Kasishke and Mr. Frank are the only two shareholders of Landtec, each owning 50% of Landtec's issued and outstanding stock;

- Mr. Frank is the president and treasurer of Landtec; Mr. Kasishke is the secretary and vice president;

- Mr. Frank used Landtec's equipment, assets, employees, and goodwill for the benefit of Water Management, LLC, without compensating Landtec;

- Mr. Frank diverted money from Landtec to Water Management LLC;

- Mr. Frank diverted opportunities and business relationships from Landtec to Water Management LLC by using assets and credit of Landtec to purchase equipment for Mr. Frank and/or Water Management LLC;

---

[3] Even though the caption of the Order Granting Plaintiff's Motion for Entry of a Default and Default Judgment Against Defendants names Water Management, LLC, the body of the order awards a default judgment against Mr. Frank and Landtec only.

- Mr. Frank exercised dominion and control over money and property belonging to Landtec in a manner inconsistent with Landtec's rights as true owner of the property, thereby constituting a conversion;

- Mr. Frank's actions were "illegal, fraudulent, or willfully unfair and oppressive" in violation of M.C.L. § 450.1489.

Detecting that Mr. Kasishke might be relying on the issue-preclusive effect of the Judgment in this non-dischargeability proceeding, the court invited an early Rule 56 motion on the issue.

<u>SUMMARY JUDGMENT STANDARDS</u>

Summary Judgment is appropriate if there is no genuine issue of material fact and the moving party establishes that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). "Only disputes over the facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The "governing law" in this case -- Michigan's laws governing the preclusive effect of its courts' judgments -- will determine which factual disputes are material, and which may be disregarded.

In considering a Rule 56 motion, the court must draw all inferences in the non-moving party's favor, but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  <u>Agristor Financial Corp. v. Van Sickle</u>, 967 F.2d 233, 236 (6th Cir. 1992) (<u>quoting</u> <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)).

THE COLLATERAL ESTOPPEL EFFECT OF THE JUDGMENT

When questions arise regarding the preclusive effect of a state court judgment, the Sixth Circuit requires federal trial courts to "initially determine whether a state court judgment would receive preclusive effect in the state where it was rendered." Rally Hill Productions, Inc. v. (In re Bursack), 65 F.3d 51, 53 (6th Cir. 1996); see also 28 U.S.C. § 1738. If the state court judgment merits preclusive effect in the courts of the rendering state, the bankruptcy court must then give the state court judgment collateral estoppel effect unless it finds that an exception to the Full Faith and Credit Act exists. Bay Area Factors v. Calvert (In re Calvert), 105 F.3d 315, 317 (6th Cir. 1997). In other words, Michigan's law of preclusion supplies the rule of decision, absent some federal exception. Id. at 319.[4] The court is not aware of any exception to the general rule in cases involving the scope of the discharge. Id. citing Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991).

The Michigan Supreme Court has defined collateral estoppel as a doctrine precluding "relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated and (2) necessarily determined." People v. Gates, 434 Mich. 146, 154 (1990). The first two prerequisites for collateral estoppel -- identity of parties and finality of the Judgment -- are undisputedly met in this case. The question is whether the material issue -- Mr. Frank's supposed misconduct -- was "actually litigated" in the state court and "necessarily determined" by that tribunal.

---

[4] Whenever state law supplies the rule of decision, a federal court must apply the state law in accordance with the controlling decisions of the state supreme court. Allstate Insurance. Co. v. Thrifty Rent-A-Car Systems, Inc., 249 F.3d 450, 454 (6th Cir. 2001). If the state supreme court has not squarely addressed the issue presented, the federal court must "predict how the court would rule by looking to all the available data." Allstate Insurance. Co., 249 F.3d at 454. "Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless we are presented with persuasive data that the Michigan Supreme Court would decide otherwise." Id. (citing Kingsley Associates v. Moll PlastiCrafters, Inc., 65 F.3d 498, 507 (6th Cir. 1995)).

Because the Judgment was apparently entered as a discovery sanction rather than an adjudication after trial, Mr. Frank suggests that the issues were not actually litigated. Nevertheless, federal courts interpreting Michigan law have repeatedly held that when a so-called "default" judgment is entered after a defendant has filed an answer or taken part in the lawsuit, the doctrine of collateral estoppel is properly applied, and the issues in the state court case should be regarded as "actually litigated." See Building Communications, Inc. v. Rahaim (In re Rahaim), 324 B.R. 38 (Bankr. E.D. Mich. 2005); Robinson v. Callender (In re Callender), 212 B.R. 276 (Bankr. W.D. Mich. 1997); Sonographics, P.C. v. Khullar (In re Khullar), 139 B.R. 428 (Bankr. E.D. Mich. 1992); see also Bursack, 65 F.3d at 54 (to the extent a defendant retains an attorney, files an answer, and participates in discovery, the "actually litigated" requirement is met). Here, because Mr. Frank initially participated in the defense of the underlying state court litigation, and because Michigan would consider the case to have been actually litigated, this court finds the state court case and the issues involving Mr. Frank's actions and misappropriation of property were "actually litigated," notwithstanding the state court's "default judgment" label.

Moreover, Michigan law would treat Mr. Frank's default as an admission of well-pleaded factual allegations:

> In Michigan, it is an established principle that "a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue." Wood v. DAIIE, 413 Mich. 573, 578, 321 N.W.2d 653 (1982); see also American Central Corp. v. Stevens Van Lines, Inc., 103 Mich.App. 507, 512, 303 N.W.2d 234 (1981) ("Entry of a default is equivalent to an admission by the defaulting party as to all well-pleaded allegations.").

Kalamazoo Oil Co. v. Boerman, 242 Mich. App. 75, 79 (2000). Therefore, the Judgment establishes the state-court complaint's well-pleaded factual allegations regarding Mr. Frank's misappropriation of Landtec's money and other property.

The remaining question, then, is whether these issues involving Mr. Frank's actions were "necessarily determined" for purposes of Michigan's collateral estoppel rules.  "An issue is necessarily determined only if it is essential to the judgment."  Gates, 434 Mich. at 158.  The question of what issues were "essential to the judgment" entered on a multi-count state court complaint can be perplexing for the later court considering whether to apply collateral estoppel.

In the present case, the Judgment did not identify any particular count from the state court complaint, and in a sense is premised on alternative grounds.  Some of these grounds would support an order excepting the underlying debt from discharge (such as conversion and perhaps shareholder oppression), and some would not (such as negligence and breach of fiduciary duty). In other words, in his state court complaint, Mr. Kasishke asserted intentional torts as well as negligence and breach of fiduciary duty.   Either of these causes of action could have independently supported the Judgment, yet only the damages related to an intentional tort could be excepted from discharge under 11 U.S.C. § 523(a)(6) -- the statute at issue in this Motion. Debts for negligence do not survive because the exception to discharge prescribed in § 523(a)(6) "triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts."  Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998).  So, if Michigan law would afford preclusive effect to each set of alternative grounds on which the state court entered the Judgment, Mr. Frank will be collaterally estopped in this non-dischargeable debt action from contesting the "findings" that, for example, he "diverted money" or "converted" Landtec's property.

For guidance on this difficult issue, the court consulted the first and second Restatements of the law of judgments.[5]  According to the Restatement (Second) of Judgments, courts should not extend preclusion to either alternative holding because such holdings are by definition not

---

[5] The Restatements, of course, are not controlling statements of law, but rather useful summaries and research aids. Michigan's Supreme Court, as noted above, has the last word on the preclusive effect of Michigan judgments.

**Page 8 of 13**

necessary to a judgment. <u>See</u> Restatement (Second) of Judgments, § 27, Cmt. *i* (1982) ("If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone").  This conclusion, however, marks a reversal from the position earlier expressed in the first Restatement on this very point.

The drafters of the first Restatement considered the preclusive effect of a judgment premised on alternative grounds and concluded that "[w]here the judgment is based upon the matters litigated as alternative grounds, the judgment is determinative on both grounds, although either alone would have been sufficient to support the judgment."  Restatement (First) of Judgments § 68, Cmt. *n* (1942).  Significantly, this conclusion has found favor in <u>Sheldon Company Profit Sharing Plan and Trust v. Smith</u>, 858 F. Supp. 663, 669 (W.D. Mich. 1994), where Judge Hillman decided to "accord preclusive effect to each of a set of alternative grounds for a single judgment."  And, although he did not cite the Restatement, Judge Gregg reached a similar conclusion by noting that "when a state court unambiguously grants a judgment on all of the counts in a multi-count complaint, then each and every count is entitled to collateral estoppel effect . . ." <u>Callender</u>, 212 B.R. at 282.

Most significantly, the Michigan Supreme Court apparently favors the first Restatement's formulation, observing that "if the trial court rests its judgment on two grounds, each of which is independently adequate to support it, the judgment is conclusive as to both . . ." <u>Amalgamated Transit Union, Local 1564, AFL-CIO v. Southeastern Michigan Transit Authority</u>, 437 Mich. 441, 453-54 (1991).

Although the Sixth Circuit has not adopted either Restatement rule, it has observed that "where . . . one ground for the decision is clearly primary and the other only secondary, the

secondary ground is not 'necessary to the outcome' for the purpose of issue preclusion." National Satellite Sports v. Eliadis, 253 F.3d 900, 910 (6th Cir. 2001). In so ruling, however, the Sixth Circuit was considering the preclusive effect of a prior *federal judgment*, rather than the preclusive effect of a *Michigan judgment*. Moreover, the Sixth Circuit noted that the question of the preclusive effect of alternative holdings is "a close one given the policy implications involved." Id. Under Calvert and similar authorities, the policy choice belongs to the Michigan Supreme Court, which apparently favors the first Restatement's resolution of the issue. Calvert, 105 F.3d at 317 (directing the court to apply state preclusion rules to state court judgments); Amalgamated Transit Union, 437 Mich. at 453-54 (affording alternative grounds preclusive effect). Furthermore, recent appellate authority from Michigan confirms the hegemony of the first Restatement's position, notwithstanding the opposing view expressed in the Restatement (Second) of Judgments § 27. A little over a month ago, the Michigan Court of Appeals, in an unpublished opinion, concluded:

> [T]he First Restatement Rule represents the better-reasoned rule because it is consistent with the purposes of collateral estoppel. Thus we hold that collateral estoppel extends to alternate grounds for a prior decision.

Dobrowski v. Jay Dee Contractors, Inc., 2010 WL 293069 (Mich. Ct. App. Jan. 26, 2010) (citing Amalgamated Transit Union). Based upon the state court decisions on this issue, this court finds that the alternative counts of Mr. Kasishke's state court complaint were each "necessarily determined" and "essential" to the Judgment as a matter of Michigan law, and therefore entitled to preclusive effect in this non-dischargeable debt proceeding.

Because the court finds, as a matter of Michigan law, that each count of the state court complaint was actually litigated and necessarily determined, the factual dispute that Mr. Frank's counsel attempted to raise by citing Montgomery v. Kurtz (In re Kurtz), 170 B.R. 596 (Bankr.

E.D. Mich. 1994), is immaterial. The court need not review the "entire record" to determine which of the state court counts carried the day because, as a matter of Michigan's preclusion law, they all did. Moreover, the Kurtz court was considering a true default, rather than a judgment entered after the defendants joined issue by answering.

While Mr. Kasishke's state court complaint alleged shareholder oppression pursuant to M.C.L. § 450.1489, common law conversion, and statutory conversion, the bankruptcy court complaint asserts fraud or defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4),[6] and willful and malicious injury under 11 U.S.C. § 523(a)(6). Both counts admittedly involve Mr. Frank's activities as they relate to the property of Landtec (Pl. Mot. at pg. 5, ¶ 29), and both counts assert causes of action that belong directly to Landtec and to some extent derivatively to Mr. Kasishke. For this reason, at the pretrial conference and again at oral argument on the Motion, the court questioned Mr. Kasishke's standing to assert a right to relief for wrongs Mr. Frank committed against Landtec. In response, Mr. Kasishke's counsel pointed to the Michigan shareholder oppression and statutory conversion statutes because Mr. Kasishke is a shareholder who has suffered harm by Mr. Frank's looting of Landtec.

Although the court is not inclined to construe M.C.L. § 600.2919a (statutory conversion) as conferring standing upon shareholders to sue for wrongs done to the corporations in which they are interested, the court need not decide that issue because Michigan's shareholder oppression statute most certainly does expand such standing. Indeed, the shareholder oppression statute authorizes a shareholder in a closely held corporation[7] to bring suit "to establish that the

---

[6] Mr. Kasishke did not seek summary judgment as to this count perhaps given doubts about establishing a "technical trust," as precedent requires. Shamrock Floor Covering Services, Inc. v. Patel (In re Patel), 565 F.3d 963, 968 (6th Cir. 2009).

[7] The statute does not authorize such suits by shareholders whose shares are "listed on a national securities exchange or regularly traded in a market maintained by 1 or more members of a national or affiliated securities association." M.C.L. § 450.1489(2).

acts of the directors or those in control of the corporation are illegal, fraudulent, or willfully unfair and oppressive *to the corporation* or to the shareholder." See M.C.L. § 450.1489(1) (emphasis added). Moreover, because the state court entered the Judgment in Mr. Kasishke's favor, it necessarily determined his standing. In any event, there is no dispute in this proceeding that Mr. Kasishke is the judgment creditor with respect to the Judgment, and therefore has a personal stake in the outcome of this adversary proceeding.

At oral argument Mr. Frank argued that Mr. Kasishke initially asked the state court to award $25,000.00 in damages, but instead awarded $419,074.85 plus interest -- an amount exceeding the prayer for relief. In fact, the state court complaint asserted that the amount in controversy exceeded the jurisdictional threshold of $25,000.00, meaning that at a minimum, Mr. Frank was requesting $25,000.00. The bankruptcy court does not sit as an appellate court to review state court judgments, including the Judgment in this matter. If Mr. Frank thought there was something procedurally or legally incorrect about the Judgment, he should have filed an appeal with the state court. Moreover, Michigan law provides that the Judgment is *prima facie* evidence of the facts recited therein, and the state court evidently found $419,074.85 in damages as a matter of fact. See M.C.L. § 600.2106. Mr. Frank's argument and his brief are not enough to rebut the evidentiary effect of the Judgment. See Fed. R. Civ. P. 56(e)(2); Knowlan v. Mapes (In re Mapes), 2009 WL 4723262 (Bankr. W.D. Mich. Nov. 17, 2009). In short, it is too late for him to argue about the amount of the Judgment here.

As noted above, the Judgment necessarily determined that Mr. Frank diverted Landtec's money and other property (including the items enumerated in the state court Complaint) for his own benefit, at the expense of Landtec and Mr. Kasishke. Conversion of property clearly falls within the misdeeds contemplated in 11 U.S.C. § 523(a)(6) -- willful and malicious injury to

persons or property. For these wrongs, the state court awarded Mr. Kasishke a judgment in the amount of $419,074.85, plus interest. For the reasons given in this opinion, that Judgment is entitled to issue-preclusive effect, and warrants a declaration from this court that the debt represented by the Judgment should be excepted from discharge under 11 U.S.C. § 523(a)(6).[8]

CONCLUSION

The court does not relish declaring that the Judgment, representing $419,074.85 in debt, is excepted from discharge, particularly given the nature of the Judgment as a sanction for failure to participate fully in the state court proceedings. Nevertheless, the federal interest in affording a debtor a fresh start must yield, from time to time, to other policies, including in this case the policy expressed in the Full Faith and Credit Statute and the policy choices Michigan courts have made regarding the preclusive effect of their judgments.

Because Mr. Kasishke already holds a money judgment from the Van Buren County Circuit Court, the judgment to be entered in this adversary proceeding will simply declare that the state court's Judgment is excepted from discharge. In other words, if Mr. Kasishke decides to enforce his rights as a judgment creditor, he will be enforcing a Michigan judgment in Michigan's courts.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 10) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter a separate judgment in accord with Rule 58, declaring that the debt represented by the Judgment is excepted from discharge under 11 U.S.C. § 523(a)(6).

---

[8] Because the court concludes that the Judgment establishes, by collateral estoppel, that Mr. Frank converted Landtec's property, the court need not decide the more general question of whether "willfully unfair and oppressive conduct" as defined in M.C.L. § 450.1489(3) would invariably equate to "willful and malicious injury" within the scope of 11 U.S.C. § 523(a)(6). In the present case, the alternative ground of conversion will suffice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Brion Doyle, Esq., and Robert Pleznac, Esq.

END OF ORDER

**IT IS SO ORDERED.**      Scott W. Dales
United States Bankruptcy Judge   **Dated: March 05, 2010**